UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| J & J Sports Productions, Inc., | C. A. No. 2:09-03141-DCN-RSC |
| Plaintiff, | |
| -vs- | **REPORT AND RECOMMENDATION** |
| J.R.'Z Neighborhood Sports Grille, Inc., d/b/a J.R.'Z Neighborhood Sports Bar & Grille, and Rolf Munk, III, | |
| Defendants. | |

This Motion for Default Judgment is before the Court for a Report and Recommendation pursuant to an Order of Reference by the Honorable David C. Norton, Chief United States District Judge, 28 U.S.C. § 636. A hearing was held on March 29, 2010, attended by Leonard R. Jordan, Jr., attorney for the Plaintiff. The Defendants are in default and have made no appearance.

## BACKGROUND

The Plaintiff owned the exclusive rights to commercially distribute *"Undefeated": Floyd Mayweather v. Ricky Hatton WBC Welterweight Championship Fight Program*, which aired on December 8, 2007, via closed-circuit television. With full knowledge that this program was not to be intercepted by persons or entities unauthorized to do so, the Defendants unlawfully intercepted this program and broadcast it at the Defendants' establishment.

The Plaintiff claims to have been damaged by the unlawful acts of the Defendants and has requested that the court award significant damages based on the Defendants' willful conduct. The Defendants, who are in default, have not opposed this request. The Plaintiff claims that the theft of

1

closed-circuit broadcasts by unauthorized commercial establishments, such as the Defendants' establishment, adversely impacts both the Plaintiff and its law-abiding customers and that it has lost, in general, millions of dollars in licensing fees for its proprietary programming and has expended a great deal of time and money in policing its signals to protect its interests. The Plaintiff argues that, if the penalty for pirating is minimal, establishments will view pirating of a licensed broadcast as economically beneficial compared to paying the licensing fee for the program.

## ANALYSIS AND CONCLUSIONS

The Plaintiff has elected to proceed under 47 U.S.C. §605 and has requested statutory damages pursuant to 47 U.S.C. §605(e)(3)(C)(i)(II). The Fourth Circuit has yet to address a similar scenario, but courts in other circuits routinely use one of two approaches for determining statutory damages under §605 in cases of unauthorized receipt and exhibition of pay-per-view events by commercial establishments. Some courts base their award either on the number of patrons in the establishment who viewed the show or on the maximum capacity of the establishment. See Time Warner Cable v. Googies Luncheonette, Inc., 77 F.Supp.2d 485, 489 (S.D. N.Y. 1999). Others award a flat sum for each violation. See Kingvision Pay-Per-View, Ltd. v. Guiterrez, 544 F.Supp.2d 1179 (D.Colo. 2008)

The investigator's affidavit submitted by the Plaintiff indicates that approximately 41 patrons occupied the Defendants' establishment at the time of the broadcast. According to the Plaintiff, based on the 150-person seating capacity of the Defendants' establishment, it would have cost the Defendants $3,200.00 to legally purchase the broadcast. The court elects to base its decision on the latter of the two approaches, and it concludes that the Plaintiff is entitled to statutory damages in the amount of $5,000.00.

2

The Plaintiff has also requested enhanced damages pursuant to 47 U.S.C. §605(e)(3)(C)(ii), which authorizes damages awards of up to $100,000.00 where "the violation was committed willfully and for the purposes of direct or indirect commercial advantage or private financial gain...." In determining whether the Defendants' conduct was willful and enhanced damages are justified, courts typically consider certain factors, including (1) repeated violations over an extended period of time; (2) substantial unlawful monetary gains; (3) advertising the broadcast; and (4) charging an admission fee or charging premiums for food and drinks. J & J Sports Productions, Inc. v. Guzman, 553 F.Supp.2d 195, 199 (E.D. N.Y. 2008).

In this case, the Plaintiff has presented no evidence that the Defendants' actions meet any of the foregoing factors. The Plaintiff, however, pointed out that there is no way of knowing whether or not the Defendants have engaged in this illegal activity on occasions other than the one which is the subject of this case and that the damages sought by the Plaintiff are the same as those awarded in Guitierrez, supra, which also involved no evidence of the foregoing factors.

The court, recognizing the need to deter this unlawful activity, agrees with the Plaintiff that the award of modest damages does not satisfy the purpose of the legislation and that a firm judicial hand is required to stop this predatory behavior, which is outright thievery, and to compensate the aggrieved appropriately. As it appears that courts "have awarded anywhere from three to six times the statutory damages award for enhanced damages" (J&J Sports Productions, Inc. v. Ribeiro, 562 F.Supp.2d 498, 502 (S.D. N.Y. 2008)), the court concludes that the Plaintiff is entitled to enhanced damages in the amount of $15,000.00.

The Plaintiff has requested that the Defendant, Rolf Munk, III, the president of the corporate defendant, be held personally liable for the unlawful actions. The Plaintiff must show that the corporate officer had a "right and ability to supervise the violations, and that [he] had a strong

financial interest in such activities." Ribeiro, supra, at 501. The said Defendant has not denied that he had supervisory control over the infringing activities and a financial stake in the business. The court therefore finds and concludes that said Defendant is directly or vicariously liable for the unlawful activities and concludes that the judgment debt, to be entered herein, should be against both Defendants, jointly and severally.

As the prevailing party, the Plaintiff is also entitled to an award of costs and reasonable attorneys' fees in this action, pursuant to 47 U.S.C. §605(e)(3)(B)(iii). The Plaintiff has submitted detailed affidavits, which evidence that the attorneys' fees and costs associated with this case total $5,119.12.

The court finds and concludes that an award of damages, including possible punitive damages, against the Defendants for the tort of conversion as requested by the Plaintiff, would not exceed the amount awarded herein under §605 and would, in any event, result in a double recovery, and it, therefore, denies the Plaintiff's claim for recovery for the tort of conversion. See Columbia Cable TV Co., Inc. v. McCary, 954 F.Supp. 124 (D. S.C. 1996).

WHEREFORE, default having been entered against the Defendants on January 19, 2010, and the Plaintiff's Motion for, and Declarations in support of, a default judgment having been filed on or about February 1, 2010, and having been served on the Defendants; upon notice given, no appearance by the Defendants having been made, in person or in writing; and all other requirements for entry of a default judgment, pursuant to Rule 55 of the Federal Rules of Civil Procedure, having been satisfied as certified to by the Plaintiff's counsel, now, therefore, it is

RECOMMENDED that, the Plaintiff being entitled to statutory damages pursuant to 47 U.S.C. §605(e)(3)(C)(i)(II), a judgment be entered against Defendants, J.R.'Z Neighborhood Sports Grille, Inc., d/b/a J.R.'Z Neighborhood Sports Bar & Grille, and Rolf Munk, III, jointly and

severally, in the amount of Five Thousand Dollars ($5,000.00); and it is, further,

RECOMMENDED that, the Plaintiff being entitled to enhanced damages pursuant to 47 U.S.C.§605(e)(3)(C)(ii), a judgment be entered against the Defendants, J.R.'Z Neighborhood Sports Grille, Inc., d/b/a J.R.'Z Neighborhood Sports Bar & Grille, and Rolf Munk, III, jointly and severally, in the amount of Fifteen Thousand Dollars ($15,000.00) for the Defendants' willful violation of 47 U.S.C. §605(a); and it is, further,

RECOMMENDED that, the Plaintiff being entitled to its costs of litigation, including its reasonable attorney's fees, pursuant to 47 U.S.C. §605(e)(3)(B)(iii), a judgment be entered against Defendants, J.R.'Z Neighborhood Sports Grille, Inc., d/b/a J.R.'Z Neighborhood Sports Bar & Grille, and Rolf Munk, III, jointly and severally, for costs of litigation in the amount of $1,069.12, and for attorneys' fees in the amount of $4,050.00.

ACCORDINGLY, IT IS RECOMMENDED that judgment be entered in favor of the Plaintiff in accordance with the foregoing, for a Total Judgment Amount of $25,119.12.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

April 5, 2010

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within **fourteen (14) days** of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).